**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RONALD MCDONALD HOUSE CHARITIES OF CHICAGOLAND AND NORTHWEST INDIANA, INC., an Illinois Not-For-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WINNING CHARITIES ILLINOIS, LLC, a Delaware Limited Liability Company; WINNING CHARITIES, INC., a Canadian Federal Corporation; CHARITY ASSURANCE GROUP, LLC, a Delaware Limited Liability Company, and WILLIAM BAYLES, an Individual,<br><br>Defendants. | Civil Action No. 13−CV−01430<br><br>The Honorable Charles Norgle, Sr. Presiding Judge<br><br>The Honorable Michael Mason Magistrate Judge |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, WINNING CHARITIES ILLINOIS, LLC ("WCI—Illinois"), WINNING CHARITIES, INC. ("WCI—Canada"), CHARITY ASSURANCE GROUP, LLC ("WCI—Assurance"), and WILLIAM BAYLES ("Bayles"), collectively "Defendants", pursuant to Ruled 12(b)(6) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 408(a), and for reasons more fully set forth in Defendants' contemporaneously filed Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, move this Honorable Court to enter an Order dismissing Plaintiffs' Complaint for Damages and Other Relief (ECF #1), hereinafter the "Complaint", and order Plaintiff RONALD MCDONALD HOUSE CHARITIES OF CHICAGOLAND AND NORTHWEST INDIANA, INC. ("RMHC") and Defendants to resume AAA Arbitration pursuant to the unambiguous term of a prior valid written contract between the parties. In support thereof, Defendants state as follows:

1. Plaintiff RMHC's claims in its Complaint (ECF #1) arise solely from a November 20, 2012 settlement negotiation which is wholly inadmissible to prove RMHC's claims under Federal Rule of Evidence 408(a) and must be dismissed *in toto* on said evidentiary grounds alone.

2. The only valid contracts in dispute are the "Previous Agreements" cited by Plaintiff RMHC and are subject to dispute resolution by AAA Arbitration, not this Honorable Court, and the Complaint must therefore be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

3. Plaintiff RMHC attempts to inject fraud claims into a simple alleged breach of contract claim and said claims of fraud are contrary to Illinois law.

4. Defendants were not unjustly enriched because no benefit was enjoyed by Defendants.

5. Plaintiff RMHC's claim of promissory estoppel is barred by the Illinois Statute of Frauds, or in the alternative, fails if this Court holds that Plaintiff has sufficiently stated a cause of action for breach of contract.

6. Equitable estoppel is not an alternative "sword" to promissory estoppel, rather equitable estoppel it is a "shield" that is inapplicable to Plaintiff RMHC's Complaint and must be dismissed by this Honorable Court.

**WHEREFORE**, for the reasons set forth in the instant motion and the contemporaneously filed Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, Defendants ask this Honorable Court to enter an Order:

a) Dismissing with prejudice the Complaint filed by Plaintiff RONALD MCDONALD HOUSE CHARITIES OF CHICAGOLAND AND NORTHWEST INDIANA, INC.;

b) Striking the fraud claims from the public record, or in the alternative, order said claims sealed from public view;

c) order the parties to the instant dispute to return to AAA Arbitration pursuant to the Previous Agreements; and

d) other such relief this Honorable Court deems just and proper.

Dated: April 30, 2013                                   Respectfully submitted,

                                                        **WINNING CHARITIES ILLINOIS, LLC, WINNING CHARITIES, INC., CHARITY ASSURANCE GROUP, LLC and WILLIAM BAYLES**

Dennis F. Esford, ARDC #6281760                         By:   /s/ Dennis F. Esford
**Windy City Trial Group, Inc.**                              One of Their Attorneys
233 S. Wacker Drive, 84th Floor
Chicago, Illinois 60606
312-283-8222
denny@windycitytrialgroup.com