**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD MCDONALD HOUSE CHARITIES OF CHICAGOLAND AND NORTHWEST INDIANA, INC.,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **No. 13 CV 1430**<br><br>**Magistrate Judge Michael T. Mason** |
| **WINNING CHARITIES ILLINOIS, LLC, et al.,** | ) ) | |
| **Defendants.** | ) | |

| | |
|---|---|
| **WINNING CHARITIES ILLINOIS, LLC,** | ) ) |
| **Counter-Plaintiff,** | ) ) ) |
| **v.** | ) ) ) |
| **RONALD MCDONALD HOUSE CHARITIES OF CHICAGOLAND AND NORTHWEST INDIANA, INC.,** | ) ) ) ) ) |
| **Counter-Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before the Court is plaintiff/counter-defendant Ronald McDonald House Charities of Chicagoland and Northwest Indiana's ("plaintiff" or "RMHC") motion to dismiss defendant/counter-plaintiff Winning Charities of Illinois's ("defendant" or "WCI") amended counterclaim and to strike WCI's request for liquidated damages pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) [48]. For the reasons set forth below, RMHC's motion is denied.

## I.    Background

On November 4, 2013, the Court entered its Memorandum Opinion and Order [42] granting in part and denying in part plaintiff's motion to dismiss defendant's counterclaim. Given the extensive case history provided in that Order, we will not go into lengthy detail here regarding the facts that give rise to the original claim and counterclaim. Briefly, however, the parties entered into the August 2011 Consultant Contract which called for WCI to provide consulting services to RMHC for four (4) fund-raising raffles. (Amended Countercl. ¶ 24.) Raffle 1 resulted in a net loss of $2,839,376.92 which was within the range of potential outcomes predicted by WCI, and which cost WCI fees and expenses that have not been reimbursed by RMHC. (*Id.* ¶¶ 35, 36.) In its November Order, the Court dismissed three of the four purported breaches in defendant's original counterclaim and gave WCI leave to re-plead its claim for breach of contract based on the implied duty of good faith and fair dealing with respect to section 2.2 of the Indemnity Agreement and RMHC's cancellation of Raffles 2, 3, and 4. (Order at 12.) In that same Order, the Court granted defendant WCI leave to amend its counterclaim to include a claim for breach of contract based on plaintiff RMHC's alleged failure to pay the fees and costs incurred for Raffle 1 in violation of sections 5(b) and 6 of the August 2011 Consultant Contract. (*Id.* at 13.)

Subsequent to the Court's Order, WCI filed a one count amended counterclaim [43] for breach of contract against RMHC for refusing to pay the unreimbursed expenses for Raffle 1 pursuant to §§ 5(b) and 6 of the August 2011 Consultant Contract. (Amended Countercl. ¶ 47.) WCI seeks to recover $1,111,887.43 in

damages, which includes Raffle 1 expenses, a consulting fee, and liquidated damages. (*Id.* ¶ 50.)

RMHC now asks the court to dismiss WCI's amended counterclaim for failure to state a claim upon which relief can be granted. Alternatively, RMHC asks the Court to strike WCI's request for liquidated damages.

## II. Legal Standard

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

RMHC first asks the Court to dismiss WCI's amended counterclaim under Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the claim, not to decide the merits of the case. *St. George Inv. LLC v. QuamTel, Inc.,* No. 12 cv 9186, 2014 WL 812157, at *6 (N.D. Ill. Mar. 3, 2014) (*citing Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir.1990)). Dismissal is proper under Rule 12(b)(6) where a complaint or counterclaim fails to state a claim upon which relief can be granted. In analyzing a motion to dismiss, the court must accept as true the well-pleaded factual allegations and the inferences reasonably drawn from them in the light most favorable to the non-moving party. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). As a general rule, the court may consider only the pleading at issue on a Rule 12(b)(6) motion. *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002). Rule 10(c) provides, however, that "[a] copy of a written instrument

that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

### B. Motion to Strike Pursuant to Rule 12(f)

In the alternative, RMHC asks the Court to strike WCI's liquidated damages claim. A court may, on its own or on a motion made by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Courts will strike portions of a complaint only if the challenged allegations are so unrelated to the present claim as to be void of merit and unworthy of consideration." *Geschke v. Air Force Ass'n*, 02 C 50271, 2002 WL 31253746, * at 1 (N.D. Ill. Oct. 8, 2002). To prevail, the moving party must show the allegations are "patently defective and could not succeed under any circumstances." *Kiswani v. Phoenix Sec. Agency, Inc.*, No. 05 C 4559, 2006 WL 463383, at *4 (N.D. Ill. Feb. 22, 2006). The decision to strike is within the Court's discretion. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

### III. Analysis

To state a breach of contract claim under Illinois law, a plaintiff must allege sufficient facts to support the following: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (*quoting W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. 2004)). In its amended counterclaim, WCI alleges that it fully performed its obligations pursuant to Section 4 of the August 2011 Consultant Contract. (Amended Countercl. ¶ 50.) WCI also asserts that RMHC breached §§ 5(b) and 6 of the same

contract by failing to reimburse WCI for the expenses it incurred executing Raffle 1, and that it suffered damages in the amount of $1,111,887.43 as a result of RMHC's breach. (*Id.*) In its motion to dismiss, RMHC disagrees, arguing that there can be no breach under § 6(c) of the August 2011 Consultant Contract unless WCI provided RMHC with an itemization of Fees and Costs. (Mot. to Dismiss at 2.) RMHC alleges that, because WCI has failed to provide RMHC with the itemization of its Fees and Costs, WCI has failed to state a claim upon which relief can be granted. (*Id.* at 3.) In its response to RMHC's motion to dismiss, WCI argues that it has attached and incorporated certain exhibits to the amended counterclaim, which undermine RMHC's argument. More specifically, WCI argues that Exhibit 3, WCI's Unreimbursed Expenses from Raffle 1, provides sufficient facts to put RMHC on notice of a breach of contract claim. (Response at 5.) RMHC counters this assertion arguing that Exhibit 3 is not the itemization of WCI's Fees and Costs, and that it therefore does not provide a basis to deny RMHC's motion to dismiss. (Reply at 3.)

According to § 6(c) of the August 2011 Consultant Contract, "RMHC shall pay the Fee[s] and the Costs within thirty (30) days of receipt of the applicable bill from WCI...." Although the parties disagree about what Exhibit 3 represents and when the information contained therein was presented as a bill for fees and costs to RMHC, those factual disputes are not currently before the Court. It is enough that WCI has alleged that Exhibit 3 represents unreimbursed fees and expenses from Raffle 1 for the Court to find that it has provided RMHC with sufficient notice of factual support for its breach of contract claim. *Typpi v. PNC Bank, Nat'l Ass'n*, No. 13 cv 3930, 2014 WL 296035, at *2 (N.D. Ill. Jan. 27, 2014) (denying a motion to dismiss when considering

documents attached to the complaint as part of the complaint itself). For those reasons, RMHC's motion to dismiss WCI's amended counterclaim is denied.

Interestingly, in its motion to dismiss the original counterclaim [31], RMHC argued that WCI was *only* entitled to liquidated damages in the amount of $200,000 as set forth in § 10(b)(i) of the August 2011 Consultant Contract. Now, RMHC takes the opposite stance and adamantly contends that WCI is not entitled to recover liquidated damages because WCI's damages were ascertainable at the time the parties entered into the August 2011 Consultant Contract, and because § 10(b)(i) represents an unenforceable penalty. (Mot. to dismiss at 6.) RMHC also alleges that because it did not breach §§ 5 and 6(c) of the August 2011 Consultant Contract, WCI is not entitled to liquidated damages. (*Id.* at 5.) WCI counters RMHC's claim by arguing that its amended counterclaim is sufficiently pled to allege a breach of contract and that therefore, WCI is entitled to recover liquidated damages. (Response at 6.) Further, WCI asserts that the plain language of § 10(b)(i) of the August 2011 Consultant Contract specifically does not characterize the liquidated damages clause as a penalty, and therefore WCI is entitled to recover $200,000 in liquidated damages. (*Id.* at 7.)

Because WCI has plead sufficient factual support to allege a breach of contract claim to survive RMHC's motion to dismiss, because the question of appropriate damages is one RMHC has expressed opposing views on, and because motions to strike are looked upon with disfavor, we decline to strike WCI's request for liquidated damages at this stage of the litigation. *See Cent. Dupage Health v. 3M Co.,* No. 05 C 0241, 2005 WL 2848396, at *4 (N.D. Ill. Oct. 26, 2005) (denying a motion to strike damages at the motion to dismiss stage of the litigation as premature because it

required contract interpretation); *see also Simenson v. Hoffman,* No. 95 C 1401, 1995 WL 631804, at *7 (N.D. Ill. Oct. 24, 1995). RMHC's motion to strike WCI's request for liquidated damages is denied.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion to dismiss defendant's amended counterclaim and strike liquidated damages claim [48] is denied. The status hearing set for March 25, 2014, is stricken and re-set for April 1, 2014 at 9:00 a.m., at which time the Court will set a fact discovery deadline. It is so ordered.

ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

Dated: **March 24, 2014**